**Elena STURDZA, Appellant**

v.

**UNITED ARAB EMIRATES, et al., Appellees.**

**No. 10–7053.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 4, 2011.

Rehearing En Banc Denied April 12, 2011. \*

Elena Sturdza, Cabin John, MD, pro se.

Anthony Herman, Covington & Burling, LLP, Washington, DC, for Appellees.

BEFORE: GINSBURG, TATEL and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed January 12, 2010, and April 14, 2010, be affirmed. The claims against John T. Szymkowicz, Szymkowicz & Associates, and Mohammed Mattar are either barred by res judicata, *see*

---

\* Circuit Judges Henderson and Garland did    not participate in this matter.

*Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983), or were not raised in district court, *see District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084 (D.C.Cir.1984). To the extent appellant sought to raise claims against the United Arab Emirates, Angelos Demetriou & Associates, and Angelos C. Demetriou, the claims are either duplicative of claims raised in previous litigation, *see Zerilli v. Evening News Ass'n,* 628 F.2d 217 (D.C.Cir.1980) ("[A] plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (internal quotation omitted), or were not raised in district court and are therefore forfeited. *Air Florida,* 750 F.2d at 1084. To the extent appellant attempted to bring claims against her former attorneys, her complaint did not contain any factual allegations against them. *See* Fed.R.Civ.P. 8(a) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Furthermore, the district court did not abuse its discretion in denying appellant's Rule 59(e) motion for reconsideration. *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.